IN THE UNITEST STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | CASE NO. 1:12-CR-589 |
| | ) | |
| | ) | JUDGE DAN A. POLSTER |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| RAYMOND BANTUM, | ) | |
| | ) | |
| Defendant | ) | |

### MEMORANDUM

Before the Court is Defendant Raymond Bantum's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A). ECF Doc. 405. For the foregoing reasons, Defendant Bantum's motion is **DENIED**.

### I. Background

On January 21, 2015, Defendant Bantum was sentenced to 121 months of imprisonment after a jury found him guilty of one count of Conspiracy to Possess and Distribute Cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and two counts of the Unlawful Use of a Communications Facility, 21 U.S.C §843(b). Bantum is currently held at FCI Milan and has a release date of July 18, 2023.[1] Bantum is 41 years old and suffers from obesity. He asks the Court to release him immediately due to the fact that his condition could have life-threatening consequences if he were to contract COVID-19, and due to the fact that the virus is currently present at FCI Milan. On February 23, 2021, the Government filed a response in opposition. ECF Doc. 406. Defendant Bantum filed his reply on February 26, 2021. ECF Doc. 407.

---

[1] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 11, 2021).

1

## II. Discussion

### A. Exhaustion of Administrative Process

Before petitioning the Court for compassionate release, a defendant must show that he has "fully exhausted all administrative rights" to request relief from the Bureau of Prisons ("BOP"), or else must show that thirty (30) days have elapsed since a request has been received by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). This "mandatory claim-processing rule" must be enforced when raised in opposition to an improperly filed motion. *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. Jun. 2, 2020). Here, Bantum exhausted his administrative rights and the Court will proceed to the merits of his motion. ECF Doc. 405 at 4-5.

### B. Factors Warranting Early Release

Under 18 U.S.C. § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community; and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). 18 U.S.C. §3582(c)(1)(A).

#### 1. Extraordinary and Compelling Reasons

To determine whether extraordinary and compelling reasons for sentence modification exist, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *See United States v. Jones*, No. 20-3701, 980 F.3d 1098, 1109 (6th Cir. Nov. 20, 2020) ("Until the Sentencing Commission updates § 1B1.13 to reflect the First

Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release…").

The Centers for Disease Control and Prevention ("CDC") have determined that certain medical conditions unquestionably present an increased risk from COVID-19.[2] Bantum suffers from obesity, which puts him at increased risk for severe illness from COVID-19. While having a condition listed by the CDC is sufficient to establish an increased danger from the virus, the Court notes that Bantum already contracted and recovered from COVID-19 without complications. Nonetheless, the Court finds that Bantum's condition may meet the first prong of the "extraordinary and compelling" test.

However, Bantum's situation does not meet the second prong of the "extraordinary and compelling reasons" tests. Currently, FCI Milan has only two active COVID-19 infections, both of staff members, and no inmates currently have the virus.[3] While Bantum claims that the facility has listed as "recovered" those who are actively infected, he does not provide compelling evidence sufficient to overcome the Court's reliance on the official statistics provided by the Board of Prisons. Nor has he provided any evidence that reinfection is possible; currently, such a question is still being explored by the CDC, which notes that "reports of reinfection have been infrequent."[4] Thus, Bantum has failed to identify "extraordinary and compelling reasons" warranting his early release.

---

[2] People with Certain Medical Conditions, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 11, 2021).
[3] COVID-19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Mar. 11, 2021).
[4] Interim Guidance on Duration of Isolation and Precautions for Adults with COVID-19, CENTER FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Mar. 10, 2021).

**2. Sentencing Factors under 18 U.S.C. §3553(a)**

Even if the Court were to find that Bantum established "extraordinary and compelling reasons" for compassionate release, reduction of his sentence would be inappropriate under the sentencing factors in 18 U.S.C. § 3553(a). The statute lists seven factors the Court must weigh:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). When a court initially considers the § 3553(a) factors during sentencing, the court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, 2020 U.S. App. LEXIS 36620, at *30 ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). The Court must decide whether to weigh the factors differently because of a change in circumstances after a motion for compassionate release has been filed.

Here, Bantum was found guilty of serious drug trafficking activity. He was sentenced in line with mandatory requirements and still has over two years remaining on his sentence, even accounting for good time. The length of time remaining on his sentence weighs against an early release. *See United States v. Relliford*, 2021 U.S. App. LEXIS 5188, at *3 (6th Cir. Feb. 22, 2021) ("[T]he length of time remaining on [Defendant]'s sentence . . . is relevant to several of the § 3553(a) factors."). Upon review of the §3553(a) factors, the Court finds that they do not weigh in favor of Bantum's early release.

4

### III. Conclusion

For the above reasons, Defendant Bantum's Motion, ECF Doc. 405, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster* **March 11, 2021**
**Dan Aaron Polster**
**United States District Judge**
